**ROBYN MARKETING, INC.,**
**Plaintiff-Appellant,**

v.

**James R. FJELSTEAD and Rose Marie Fjelstead, Defendants-Respondents.**

No. 13895.

Missouri Court of Appeals,
Southern District,
Division One.

May 21, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied June 12, 1985.

Application to Transfer Denied Aug. 7, 1985.

Gene A. Hilton, Hilton & Bennett, Camdenton, for plaintiff-appellant.

Charles E. McElyea, Phillips, McElyea, Walker & Carpenter, Corp., Camdenton, for defendants-respondents.

GREENE, Judge.

Plaintiff, Robyn Marketing, Inc. (Robyn), appeals the trial court's order setting aside a default judgment Robyn obtained against defendants, James and Rose Marie Fjelstead on two promissory notes, one in the amount of $36,000, and the other for $10,000.

The suit originated in Camden County, Missouri, where the notes were signed as part of a real estate transaction. Personal service was obtained on the Fjelsteads in Peoria, Illinois, which was their place of residence. No answer, or other responsive pleading, was filed within the 30 day statutory period. Rule 55.25(a).[1] Robyn then obtained a default judgment on its petition.

When Robyn attempted execution on its judgment, the Fjelsteads filed motions for a stay of execution and to set aside the default judgment. The trial court set the matter for evidentiary hearing, at which

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.

time Robyn requested findings of fact and conclusions of law.

After hearing evidence, the trial court denied Robyn's request stating that it did not believe that Supreme Court Rule 73.01 required it to honor such a request in an evidentiary hearing on a motion to set aside a default judgment, quashed the attempted execution, and vacated the default judgment. In its written order, the trial court gave the reason for its action stating,

the Court finds that Defendants were lead to believe by Plaintiff that they did not need to take any action after being served with the summons and [P]etition in the within cause, that Plaintiff was merely trying to put pressure on a third party to pay the obligation in question and that said representations were material and relied upon by Defendants to their detriment.

On appeal, Robyn first contends that the trial court erred in failing to prepare a memorandum of findings of fact and conclusions of law upon Robyn's timely request.

■■■ Rule 73.01(a)(2) provides that in trials without a jury or with an advisory jury, the trial court shall, if requested by any party prior to final submission, dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and include its findings on such controverted fact issues as have been specified by counsel. This rule pertains to trials. A motion to set aside a default judgment is not a trial. Even if it was construed to be so, the trial court, in a statement to counsel for both parties on the record and in its order setting aside the default judgment, indicated the grounds for its decision. The court stated that the Fjelsteads had not answered Robyn's petition because of the false representations of Robyn's president, Boris Zebelman, to the effect that no attempt would be made to collect from them and that the Fjelsteads had relied on such representations. Such action on the part of the trial court satisfies the requirements of the rule.

*Springfield Television, Inc. v. Gary,* 617 S.W.2d 86, 87 (Mo.App.1981), cited by Robyn in support of its position on this issue is not in point on the facts. In *Gary,* there was a *trial* on the merits, and the trial court, even though timely requested by defense counsel " 'for a Court's memorandum of findings of facts and conclusions of law' " simply entered a judgment for plaintiff without specifying why.

Under the circumstances of this case, the trial court did not err in failing to prepare and file formal findings of fact and conclusions of law.

Robyn's remaining point alleges that the Fjelsteads failed to sustain their burden of proof on their motion to set aside the default judgment. We disagree.

■■■ Default judgments are not favored in law, and a trial court has broad discretion in determining whether a default judgment should be set aside. *Human Development Corp., Etc. v. Wefel,* 527 S.W.2d 652, 655 (Mo.App.1975). Its decision on the issue should be disturbed only if there is a showing of great abuse of its discretionary power. *Fulton v. I.T. & T. Corp.,* 528 S.W.2d 466, 469 (Mo.App.1975), cert. denied, 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317 (1976).

■■■ Jurisdiction of a court in equity may be invoked to set aside judgments procured by fraud, *State ex rel. Seals v. McGuire,* 608 S.W.2d 407, 409 (Mo. banc 1980), and once invoked, may be exercised if the party claiming fraud is able to show himself free of fraud, neglect, or inattention to his case. *Godsy v. Godsy,* 565 S.W.2d 726, 733–734 (Mo.App.1978). In this case, the Fjelsteads' proof was conclusive in that Robyn's agent told them that the purpose of the suit was to put pressure on a third party to pay the notes in question, and that Robyn was not really suing the Fjelsteads, thus lulling them into a false feeling of security which kept them from asserting their defenses to the suit. There was also no evidence of negligence or fraud on the part of the Fjelsteads by

reason of their failure to appear and defend.

Finally, our review of the record indicates that there was evidence before the trial court that the Fjelsteads had a reasonable excuse for the default, that they had meritorious defenses to the petition, and that no substantial injury would result to Robyn by reason of the delay occasioned by a trial on the merits.

The trial court's order setting aside the default judgment is supported by substantial evidence, is not against the weight of the evidence, and was not based on any incorrect declaration or application of law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Robyn's motion for attorney fees is denied.

Order affirmed.

TITUS, P.J., and FLANIGAN, J., concur.