Gary B. **PENROD** and Joyce Penrod, Plaintiffs–Appellants,

v.

**HOLIDAY INNS, INC.,**
Defendant–Respondent.

No. 56467.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 13, 1990.

Stephen H. Ringkamp, Robert D. Huelskamp, St. Louis, for plaintiffs-appellants.

Stephen J. Potter, Robert E. Staed, Jr., St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is a direct appeal from the judgment entered, pursuant to a jury verdict on February 24, 1989, against appellants and in favor of respondent, Holiday Inns, Inc. in the Circuit Court of St. Louis County. We affirm.

Appellants filed their lawsuit on or about April 14, 1986, alleging, while in respondent's restaurant, appellant was served a soft drink in a styrofoam cup also containing particles of glass which were ingested by Penrod, causing injury. This matter was tried before a jury in St. Louis County Circuit Court during the week of February 20, 1989. Following the trial a judgment was entered in favor of the respondent.

Following the trial it was discovered that on February 3, 1988 a lawsuit was filed in St. Louis County on behalf of one of the jurors in the trial. This lawsuit was based on an automobile accident occurring January 31, 1987 in which the juror in question was operating an automobile and was struck by another vehicle, resulting in personal injury. On March 2, 1988, a memo was filed in St. Louis County Circuit Court dismissing this juror's cause of action for settlement and taxing costs to defendant.

In the case at bar, an extensive voir dire was conducted by counsel for the appellant. Numerous, detailed questions were asked regarding the panel members' prior involvement in law suits. These broad questions elicited responses from various panel members dealing with accidents and claims. Despite this intense questioning, the juror in question failed to mention either her automobile accident or the ensuing lawsuit.

Following the jury verdict appellant filed a motion for new trial on the ground that the jurors' misconduct in failing to disclose the prior lawsuit deprived appellants of a fair and impartial jury. This motion was heard on March 23, 1989. At the hearing the juror was called to testify. She testified she was involved in an automobile accident in which she sustained an injury to her jaw. This injury required treatment over a period of time. She stated she was not aware of any lawsuit filed in her behalf, and stated her husband handles all of her affairs. She asserted she may have signed a contract with the lawyer but does not remember doing so. She stated her husband gives her things to sign all of the time and she endorses them without reading them. Her husband also signs documents for her some of the time without her knowledge. She testified she answered the voir dire questions truthfully based upon the information she had at the time and was not trying to conceal anything. Based upon this testimony the trial court denied the motion for new trial. This appeal ensues.

Appellants charge the trial court abused its discretion and erred in refusing to grant a new trial in that one of the jurors, despite clear voir dire questions, intentionally concealed and unreasonably failed to disclose her involvement in a personal injury lawsuit within two years of trial. This allegedly deprived appellants of a fair and impartial jury.

In order for a juror's non-disclosure to be adjudged an intentional unreasonable non-disclosure it must unduly tax our credulity. *Williams By Wilford v. Barnes Hospital*, 736 S.W.2d 33, 38 (Mo banc.1987). "In the absence of intentional unreasonable non-disclosure, the relevant inquiry becomes whether under the circumstances the juror's presence on the jury did or may have influenced the verdict so as to prejudice the party seeking a new trial." *Vandergriff v. Missouri Pacific Railroad*, 769 S.W.2d 99, 102 (Mo. banc 1989). The determination of prejudice is left to the trial judge, and absent a showing of an

abuse of discretion we will not disturb her ruling. *Id.*

The juror in question stated under oath during the hearing that she was unaware of the lawsuit at the time the voir dire examination took place. The lawyer, who lived next door to the juror and who is a friend of the husband, also testified and stated he never informed her of the suit. This evidence was substantial proof any non-disclosure was unintentional and fully supports the finding of the trial court. We therefore consider her non-disclosure to be unintentional.

■ In the case of unintentional non-disclosure by a juror, the appellants have the burden of proving any prejudice created from it. *Williams, supra.* After observing the juror and listening to her, the trial court concluded her disclosure was neither intentional nor her presence on the jury prejudicial. Upon review of the record of the proceedings, both during voir dire and on examination during the motion for new trial hearing, we find nothing showing an abuse of discretion by the trial court in reaching such a conclusion.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.