Teresa BEAL, Appellant,

v.

KANSAS CITY SOUTHERN RAILWAY COMPANY, et al., Respondents.

WD 79730

Missouri Court of Appeals, Western District.

Filed: September 12, 2017

Thurlow Schauffler, Columbia for appellant.

Sean P. Hamer, Overland Park, KS and Trent R. Church, Riverside for KC Southern; Theodore Williams, John Prentiss and Lisa Larken, St. Louis for Iron Horse; Mark Wasinger, Hannibal for Capital Roalroad Contracting, respondents.

Before Division Two: Cynthia L. Martin, P.J., and Lisa White Hardwick and Alok Ahuja, JJ.

Alok Ahuja, Judge

Appellant Theresa Beal was injured when her car was involved in a collision with a train at a railroad crossing in Higbee. She brought this personal injury action in the Circuit Court of Randolph County against the Respondents. Beal alleged that her injuries were caused by the Respondents' negligence in failing to maintain an unobstructed view of the right-of-way.

The trial court granted summary judgment to Respondents. It concluded that Beal was negligent for failing to stop her car at the crossing, and that her negligence was the sole cause of the accident.

Beal appeals. We reverse.

## Factual Background

On June 13, 2013, Beal's vehicle was struck by a train at DOT Crossing No. 293392L, located on Randolph Street in Higbee. At the time of the collision, the approach to the crossing was protected by a stop sign, a railroad crossbuck sign, and a railroad crossing advance warning sign.

The collision occurred at 8:38 p.m., in "dark-lighted" conditions; Beal testified that it was "sort of dusk." Beal was driving a Ford Contour southbound on Randolph Street. At the same time, a train owned and operated by the Kansas City Southern Railway Company and Kansas City Southern, Inc. was traveling westbound on the railroad tracks that intersect with Randolph Street. Beal alleged that she sustained serious injuries in the collision.

On November 30, 2015 Beal filed her Second Amended Petition against Respondents Kansas City Southern Railway, Kansas City Southern, Capital Railroad Contracting, Inc., and Ironhorse, Inc. (At the time of the accident, Capital and Ironhorse were under contract with KC Southern Railway and KC Southern to perform track surfacing and tie replacement in the area where the collision occurred.) In her Second Amended Petition, Beal alleged that her injuries were caused by Respondents' negligence in: failing to ensure that the railroad right-of-way was free from visual obstructions, including parked vehicles and vegetation; failing to properly inspect the crossing; failing to warn of the dangerous condition of the crossing; and failing to properly maintain and update the crossing and its traffic control devices.

The stop sign at the crossing was installed by the City of Higbee before 2006. Beal had been a resident of Higbee for several years before the accident, and she admitted that the stop sign had "always been there." Beal acknowledged that she had frequently driven over the crossing prior to the collision. She also admitted that she saw the stop sign and railroad crossbuck sign as she approached the crossing immediately prior to the collision.

Beal testified in her deposition that as she approached the crossing, she began to look for trains on the track, although she could not remember where her car was located when she started looking for trains.

A digital video recorder on the lead locomotive of the train captured audio and video of the collision. The audio recording indicates that the locomotive's air horn was sounding as the train approached the crossing. As the locomotive approaches the crossing, the video recording shows vegetation, and vehicles parked near the right of way, to the right of the train—the direction from which Beal's vehicle was approaching. The video indicates that Beal's vehicle did not come to a complete stop before entering the crossing.

The Respondents filed a joint motion for summary judgment, which argued that Beal was negligent *per se* for violating Missouri statutes and a Higbee ordinance which required her to stop before entering the crossing. The circuit court granted the motion. In addition to finding that Beal was negligent *per se*, the court also found that "Plaintiff's negligence was the sole cause of the collision and Plaintiff's alleged injuries and damages," and that "Plaintiff's contention that Defendants' alleged negligence was a causal factor in the collision is based on speculation and conjecture."

Beal appeals.

## Standard of Review

Appellate review of a trial court's decision on a motion for summary judgment is "essentially *de novo.*" *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The propriety of summary judgment is purely an issue of law." *Id.* In determining whether summary judgment was proper, the appellate courts apply the same criteria as the trial court. *Id.* Sum-

mary judgment is appropriate where "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6). On appeal from the grant of summary judgment, "[t]he record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record." *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 453 (Mo. banc 2011).

## Analysis

■ Beal asserts three Points on appeal. We address only her third Point, which contends that the circuit court erred in concluding, as a matter of law, that Beal's negligence was the sole proximate cause of the collision.

The circuit court's judgment found that, on the undisputed facts, "Plaintiff's negligence was the sole cause of the collision." The court's grant of summary judgment also depends on its conclusion that Beal had failed to present competent evidence that the Respondents' negligence contributed to cause the accident, but instead relied solely on "speculation and conjecture."

■ The fundamental defect in the circuit court's ruling is that it granted summary judgment on grounds which were not raised in the Respondents' motion. The Missouri Supreme Court has emphasized that

[t]he movant bears the burden of establishing both a legal right to judgment and the absence of any genuine issue of material fact required to support the claimed right to judgment. The trial court is prohibited from granting summary judgment, even if no responsive pleading is filed in opposition to a summary judgment motion, unless the facts

and the law support the grant of summary judgment.

*Kinnaman-Carson v. Westport Ins. Corp.*, 283 S.W.3d 761, 765 (Mo. banc 2009) (citations and internal quotation marks omitted).

■ Summary judgment may only be granted on a basis that the movant identifies in its motion for summary judgment.

Rule 74.04(c)(1) states, in pertinent part, that "[a] motion for summary judgment shall summarily state the legal basis for the motion. A statement of uncontroverted material facts shall be attached to the motion." The movant is required to set forth the specific basis for summary judgment and list specific references to the record to support that basis so the opposing party, the trial court, and the appellate court are apprised of the movant's claim of entitlement to summary judgment. ... Compliance with the rule is mandatory because the underlying purpose of the rule is directed toward helping the court expedite the disposition of the case. Generally, failure to comply with Rule 74.04(c)(1) warrants a trial court's denial of a summary judgment motion and warrants an appellate court's reversal of the grant of summary judgment.

*Dilley v. Valentine*, 401 S.W.3d 544, 550 (Mo. App. W.D. 2013) (citations and other quotation marks omitted); *accord, Holzhausen v. Bi-State Development Agency*, 414 S.W.3d 488, 494 (Mo. App. E.D. 2013); *Pub. Sch. Ret. Sys. of Mo. v. Taveau*, 316 S.W.3d 338, 343, 344-45 (Mo. App. W.D. 2010); *Hutto by Hutto v. Rogers*, 920 S.W.2d 112, 116 (Mo. App. E.D. 1996) ("Plaintiff had no obligation to respond to any issues related to Count II since defendants did not move for summary judgment on those issues. Therefore, the trial court

erred in granting summary judgment on Count II. . . .").

In this case, Respondents' motion for summary judgment did not contend that Beal's alleged negligence was the sole proximate cause of the collision; nor did the motion allege that Beal had no evidence that Respondents' negligence causally contributed to the accident. Instead, Respondents' motion argued that they were entitled to summary judgment "on the grounds that Plaintiff failed to comply with Missouri statutes governing driver duties at stop signs and railroad grade crossings, and was therefore negligent *per se*," and that they "[we]re entitled to judgment as a matter of law as to Plaintiff's negligence." Notably, the motion's statement of uncontroverted facts made no assertions concerning the visibility of the train, or the presence or absence of obstructions to Beal's view, as she approached the crossing (although the motion alleges that "it is undisputed that [Beal] would have seen the oncoming train had she stopped, looked and listened prior to the collision").

■ Respondents' suggestions in support of their summary judgment motion asserted that they were entitled to summary judgment because Beal could not prove an essential element of her negligence claim. But the motion and suggestions did not attack any specific element of Beal's affirmative claim that *the Respondents* had acted negligently; instead, the motion and suggestions argued only that Beal herself was guilty of negligence. Beal's contributory negligence or comparative fault are affirmative defenses, however; they are not elements of Beal's claim for relief. Rule 55.08; *Lester v. Sayles*, 850 S.W.2d 858, 868 (Mo. banc 1993) ("We hold that comparative fault instructions may be given only where comparative fault has been raised in the pleadings as an affirma-

tive defense."). Moreover, although Respondents' suggestions argued that Beal's negligence in failing to stop was a proximate cause of the collision, the suggestions did not argue, or cite any facts or legal authority to establish, that Beal's negligence could be considered the sole, intervening, or superseding cause of the accident, and thereby absolve Respondents of liability for their own alleged negligence.

■ The Respondents' summary judgment motion argued that, because Beal was guilty of negligence for failing to stop at the railroad crossing, she was completely barred from recovering from the Respondents for her injuries. Respondents' argument ignored basic principles of Missouri tort law. Missouri adopted comparative fault in negligence actions in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983). Under the comparative negligence regime, a plaintiff's negligence generally will not completely foreclose the plaintiff's claim, if the plaintiff can demonstrate that negligence of the defendant also contributed to cause the plaintiff's injury; a plaintiff's negligence will only reduce, but not eliminate, the plaintiff's recovery. *Id.* at 19 ("a plaintiff's contributory fault does not bar his recovery but instead apportions damages according to the proportionate fault of the parties"; quoting Uniform Comparative Fault Act, § 1, Commissioners' Comment); *Lester*, 850 S.W.2d at 867 ("In the seminal case of *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983), this Court abolished contributory negligence as a complete bar to a plaintiff's recovery in negligence cases").

We have identified multiple railroad-crossing-accident cases in which the defendants contended that plaintiff-drivers were negligent for failing to stop at the crossing. In these cases the plaintiffs' alleged failure to stop was submitted to the jury in a comparative negligence instruction. None

of these decisions suggested, however, that the plaintiffs' negligent failure to stop would foreclose the plaintiff from recovering, if the plaintiff proved that the defendant's negligence also contributed to cause the accident. *See, e.g., Vandergriff v. Mo. Pac. R.R.*, 769 S.W.2d 99, 103–04 (Mo. banc 1989) (upholding use of comparative fault instruction which hypothesized negligence by plaintiff in failing to stop at crossing); *Eckelkamp v. Burlington N. Santa Fe Ry. Co.*, 298 S.W.3d 546, 552–53 (Mo. App. E.D. 2009) (comparative fault instruction included claim that plaintiff's decedent negligently failed to stop at crossing as required by statute); *Roy v. Mo. Pac. R.R. Co.*, 43 S.W.3d 351, 362–63 (Mo. App. W.D. 2001) (upholding use of comparative fault instruction premised on plaintiff's alleged failure to stop at a stop sign at the crossing).

We summarily rejected an argument very similar to Respondents' in *Mott v. Missouri Pacific Railroad Co.*, 926 S.W.2d 81 (Mo. App. W.D. 1996), another crossing-accident case. Like in this case, the plaintiff-driver in *Mott* argued that the railroad was negligent, among other things, for "fail[ing] to maintain its right-of-way so that it was reasonably clear of vegetation." *Id.* at 83. Like Respondents, the railroad in *Mott* argued that it should be absolved of liability for its negligent failure to clear visual obstructions, because the plaintiff-driver had failed to stop at the crossing, from where he would have been able to see the approaching train. We rejected this argument in short order:

In a somewhat baffling point, Missouri Pacific alleges that the issue of vegetation should not have been submitted to the jury because if Mott had been obeying § 304.030[, RSMo] to stop and look for a train, and continue looking until he could see up the track, the existence of

888

vegetation would not have been the proximate cause of the accident.

Mott's negligence versus the railroad's negligence was a matter for the jury under Missouri's comparative fault law. The point is denied.

*Id.* at 86.

Therefore, even if Respondents' summary judgment motion were correct that Beal negligently failed to stop at the crossing, Beal's negligence—standing alone—would not entitle Respondents to a final judgment dismissing her claims. To the extent the circuit court's judgment went beyond a determination of Beal's negligence—to find that Beal's negligence was the "sole cause" of the accident, and that Beal had no competent evidence that Respondent's negligence contributed to cause the accident—the court erroneously went beyond the grounds asserted in Respondents' motion.

### Conclusion

The circuit court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.