118 So.2d 633 (1960)
C.A. GARRETT et al., Petitioners,
v.
OAK HALL CLUB et al., Respondents.
Supreme Court of Florida.
February 3, 1960.
Rehearing Denied March 30, 1960.
*634 Joseph A. McGowan (of Bates, McGowan & Jones and J.R. Lowry), Gainesville, for petitioners.
Sam T. Dell, Jr. (of Lazonby, Dell, Graham & Willcox), Gainesville, for respondents.
TERRELL, Justice.
In 1955 petitioners filed this suit in the Circuit Court for cancellation of a deed executed to respondents in 1923 more than 32 years prior to date of instituting suit. A motion to dismiss for laches was overruled. Respondents then answered the complaint wherein they failed to proffer laches as an affirmative defense. At final hearing, after testimony and argument of counsel, the chancellor reconsidered his order on the motion to dismiss and entered an order granting said motion on the theory that the cause was barred by the statute of repose, § 95.23, Florida Statutes 1955, F.S.A. On appeal from the latter judgment the District Court of Appeal, First District, held that the defense of laches is properly raised in the answer rather than by motion to dismiss and remanded the cause to the Circuit Court for further proceedings with directions to permit amendment of respondents' answer to include the defense of laches and to permit traverse thereof by petitioners. From that judgment the instant petition for certiorari was prosecuted.
Petitioners contend that the order of the District Court of Appeal to remand the cause to the trial court for further proceedings is in direct conflict with Dicks v. Colonial Finance Corp., Fla. 1956, 85 So.2d 874; MacGregor v. Hosack, Fla. 1952, 58 So.2d 513; Aboandandolo v. Vonella, Fla. 1956, 88 So.2d 282, and Fink v. Powsner, Fla.App. 1958, 108 So.2d 324. They support their position with the contention that respondents waived the affirmative defense of laches by failure to plead it in their answer. Petitioners further contend that the decision of the District Court of Appeal to remand the case to the trial court for further proceedings ignores Rule 1.11(h), Florida Rules of Civil Procedure, 30 F.S.A., providing for waiver of defenses.
Respondents do not controvert the holding in the foregoing cases as to waiver but they contend that in the case at bar petitioners' contention was offset by evidence not objected to on the part of petitioners which established laches and being so, the pleadings were considered by the District Court of Appeal to have been amended to conform to such proof under Rule 1.15(b), Florida Rules of Civil Procedure. Respondents further say that the question of amendment to conform the pleadings to the proof was not involved in any of the cases cited herein and relied on by petitioners, account of which respondents insist that no direct conflict exists between the opinions relied on and that of the District Court of Appeal in the case at bar.
Examination of District Court of Appeal opinion in this case, Fla.App. 1959, 112 So.2d 603, discloses that Rule 1.15(b) was not considered, nor was the question of amending the pleadings to conform to the proof mentioned, nor was the question of waiver expressly treated. The court merely held that the answer is the proper place to proffer the affirmative defense of laches. Even if it can be said that no error existed up to this point, the decision of the District Court of Appeal to remand the case for further proceedings cannot be reconciled with the doctrine of waiver and is in direct conflict with cases relied on by petitioners to support the rule.
Now let us turn to the question on the merits which appears to turn on whether or not the issue of laches was determined or tried by the parties so as to invoke the provisions of Rule 1.15(b), Florida Rules of Civil Procedure. See also Florida State Turnpike Authority v. Anhoco Corp., Fla. 1959, 116 So.2d 8.
It is true that Rule 1.15(b) does not require formal amendment of the pleadings to conform to the evidence before a finding *635 on issues raised by the evidence but not alleged in the pleadings can be made. It is also true that this results in creating an exception to the waiver provision of Rule 1.11(h), which in terms recognizes the effect of Rule 1.15(b), otherwise waiver of a defense would occur from failure to affirmatively plead a defense which is subsequently raised as an issue and proven by the evidence. This is the position taken by the federal courts under the almost identical rule of federal civil procedure. See Saper v. Hague, 2 Cir., 1951, 186 F.2d 592, and Cathedral Estates v. Taft Realty Corp., 2 Cir., 1955, 228 F.2d 85. It may be presumed that the trial court was aware that no formal amendment to pleadings was necessary for the court to find on the evidence that petitioners were guilty of laches.
In the final decree the trial court found that petitioners permitted the deed to go unchallenged from 1923 until the institution of this suit in 1955, a period of about 32 years. In response to order of this court, respondents furnished us with transcript of the testimony relied on to establish the issue of laches. It shows that one R.H. Trusler, witness for respondents, testified on direct that in 1923 the Local Camp of Gainesville, Sovereign Camp of the Woodmen of the World, adopted a resolution to sell the property in question. It further shows that no one in the Local Camp, officers or members, ever appealed the decision to sell the property. No objection was raised to any of these questions by petitioners and not only that, their brief reveals no argument in respect to whether or not the issue of laches was tried, nor as to what effect Rule 1.15(b) would be if it had been tried. Petitioners do not claim that they were surprised or prejudiced by the ruling of the trial court based on proof of the issue of laches, or that if afforded an opportunity, they could have successfully traversed that issue. The findings of the trial judge based on the testimony show that the issue of laches was tried by the parties. While an amendment to the pleadings by the parties or the court would have been better practice, the rule makes it clear that the formal amendment is not required.
Read together Rule 1.8(d), relating to affirmative defenses, Rule 1.11(h), relating to waiver of defenses, and Rule 1.15(b), providing for amendments to conform with evidence, have to do with a large area of procedural or adjective law and if affirmative defenses are not proffered but are tried by express or implied consent of the parties, they shall be treated as if they had been raised by the pleadings. They may be made to conform to the evidence as late as or after judgment or decree. This is particularly true if essential to justice or if the presentation of the merits will be more effectively expedited. It is part of what we call liberality of amendments.
The judgment of the District Court of Appeal is, therefore, quashed with directions to enter one consonant with the views herein expressed.
THOMAS, C.J., HOBSON, DREW, THORNAL and O'CONNELL, JJ., and SMITH, Circuit Judge, concur.