PER CURIAM.
Plaintiff appeals an adverse jury verdict in a wrongful death action. The jury determined that the defendant was guilty of no negligence which was a proximate cause of the death. The accident in question occurred at an intersection at which a stop sign was posted. The precise legal basis for the existence and positioning of the stop sign was the subject of conflicting evidence at trial. It is uncontested that the plaintiff’s decedent ran the stop sign and it is admitted on appeal that this act constituted some negligence. Appellant argues that the finding of no negligence against appel-lee was against the manifest weight of the evidence and that a new trial is necessary.[1]
We have reviewed the arguments and the evidence and find that the verdict is supported by competent, substantial evidence. This case is within the general rule that negligence and proximate cause are jury questions. Helman v. Seaboard Coastline Railroad Co., 349 So.2d 1187 (Fla.1977). This is particularly true where the evidence is conflicting and subject to various interpretations.
Appellant raises numerous other points, all of which have been reviewed and found to be without merit. The judgment below is therefore affirmed.
AFFIRMED.
CROSS and BERANEK, JJ., and SMITH, CHARLES E., Associate Judge, concur.

. We note that this was the second trial to occur in this matter, a new trial having been previously granted. Groves v. Leo, 332 So.2d 364 (Fla. 4th DCA 1976).