405 So.2d 1341 (1981)
Darrell BRYANT, As Father and Next Friend of Latarsha Bryant and Darneisha Bryant, Minors, and Darrell Bryant, Individually and Sandra Bryant, Individually, Appellants,
v.
Ronald FIADINI and Old Republic Insurance Company, Appellees.
Nos. 80-913, 80-2087.
District Court of Appeal of Florida, Third District.
November 3, 1981.
*1342 Alldredge & Gray, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, Joe N. Unger, Miami, for appellants.
Greene & Cooper and Joan M. Bolotin, Pyszka & Kessler, Miami, for appellees.
Before BARKDULL, SCHWARTZ and FERGUSON, JJ.
BARKDULL, Judge.
The appellants, plaintiffs in the trial court, and their four small children[1] together with the wife's brother and mother-in-law were (on November 29, 1974) occupying a one bedroom apartment in Hialeah, Florida, located on the ground floor of a building built in 1925 and owned by the appellee Fiandini, defendant in the trial court. A diagram representing the layout of the apartment is included as footnote 2.[2] The apartment had two doors, as shown in the layout; the door opposite the kitchen was locked. The mother and brother-in-law were using the living room for sleeping quarters; the plaintiffs were using the bedroom along with their four children. A portable heater[3] was in operation in the *1343 living room near the cot upon which the brother-in-law was sleeping. The close proximity of the cot to the heater caused the bed linens to catch fire at approximately 4:30 A.M. The father was awakened by his mother calling his name. He arose and went into the living room where he observed flames. He directed his mother and brother-in-law to return with him to the bedroom. He closed the door leading to the hall. He then proceeded to kick out a jalousie window and removed himself and the oldest child. Standing outside, he assisted his mother, his wife, and his wife's brother to exit in that order. At this time the bedroom was full of smoke but no fire.
After exiting the building in approximately three or four minutes, the local fire units arrived, at which time the plaintiffs and their relatives along with one of their children, were standing about outside the building. Upon learning that the remaining children were still in the apartment, firemen attempted to rescue them. They successfully removed two children and were about to remove the last child through the window, but unfortunately by the time the child was removed he (or she) had expired due to heat and smoke inhalation.
Thereafter the plaintiffs instituted an action sounding in negligence against the defendants. The defendants filed an answer, which raised the issue of comparative negligence of the plaintiffs. At time of trial, the plaintiffs introduced into evidence the Metropolitan Fire Code and, at the time of the charge conference, they requested a charge that a violation of this Code would constitute negligence per se. At the time of the charge conference, the defendants withdrew the defense of comparative negligence and requested and received a ruling from the trial judge that no instruction on comparative negligence would be given. The jury returned a verdict for the defendants. This appeal ensued.
The points on appeal are: the trial court erred in permitting the withdrawal of the comparative negligence defense and in refusing to instruct on comparative negligence, and in refusing to instruct that a violation of the fire code constituted negligence per se. We affirm.
A defendant has a right to waive any defense. Compare: Kilpatrick v. McLouth, 392 So.2d 985 (Fla. 5th DCA 1981); Thomas N. Carlton Estate, Inc. v. Keller, 52 So.2d 131 (Fla. 1951); Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263 (1945); 22 Fla.Jur.2d, Estoppel and Waiver, § 87; Fla.R.Civ.P. 1.140(h). Comparative negligence only has the effect of reducing damages if liability is established. We find no error in refusing to charge on comparative negligence but even if it was, it was harmless error because the jury found no liability. McArthur v. St. Louis-San Francisco Railway Company, 306 So.2d 575 (Fla. 1st DCA 1975); Jones v. Atlantic Coast Line Railroad Company, 117 So.2d 234 (Fla. 2d DCA 1960); Fain v. Cartwright, 132 Fla. 855, 182 So. 302 (1938); Murden v. Miami Poultry & Egg Co., 113 Fla. 870, 152 So. 714 (1934). As the Supreme Court so succinctly stated in Murden v. Miami Poultry & Egg Co., supra:
"It appears from a consideration of the entire record, however, that the judgment should not be reversed because of the erroneous charges because the rule is well settled that where evidence in a law case discloses no liability, there can be no recovery and a verdict for the defendant in such cases must stand."
This is particularly true in the instant case where defense counsel argued to the jury that if it returned a plaintiff's verdict it should award them 100% of the damages.
We find no error in refusing to charge on the fire code. First, because by its terms it is not applicable to an apartment constructed in 1925. Second, even if it was applicable, the apartment had one operable exit which was all that was required in an apartment of the size occupied *1344 by the plaintiffs.[4] Lastly, the trial court, in effect, did charge that the jury could consider a violation of the code if evidence of negligence was established.[5]
It was within the province of the jury to find that the negligence of the adults was the sole proximate cause of the injuries of the children. Groves v. Leo, 367 So.2d 1031 (Fla. 4th DCA 1979); Helman v. Seaboard Coast Line Railroad Company, 349 So.2d 1187 (Fla. 1977); Loftin v. Wilson, 67 So.2d 185 (Fla. 1953). It was also within the province of the jury to find that the defendants were not guilty of any negligence. Groves v. Leo, supra; Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); Jones v. Atlantic Coast Line Railroad Company, supra.
Therefore, the final judgment rendered on the verdict be and the same is hereby affirmed.
Affirmed.
NOTES
[1] The Bryants had four children. Three of the children were girls ages 2 years, 1 year, and one month. The one-year-old and the one-month-old were injured in the fire. The record does not reveal the sex of the deceased child, but he or she was one month old. The complaint filed herein did not seek recovery for the deceased child.
[2] ">2.

[3] The heater was a small open-faced electric heater. The electric heating elements were protected by a metal grill, which had a square design. The heater was thermostatically controlled.
[4] The record herein clearly reflects that the Dade County Building Code requires that an apartment of the size involved in the instant case have only one exit or entrance.
[5] "Violation of the Metropolitan Dade County Fire Prevention Safety Code is negligence. If you find that a person alleged to have been negligent violated the code, such person was negligent, you should then determine whether such negligence was a legal cause of loss, injury or damage complained of."