**Darlene PETERS, et al.,**
**Plaintiffs–Appellants,**

v.

**George BRENNER,**
**Defendant–Respondent.**

No. 55227.

Missouri Court of Appeals,
Eastern District,
Division One.

May 2, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 7, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Thomas B. Hayes, Jr., St. Louis, for plaintiffs-appellants.

Douglas O'Leary, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiffs, Darlene, Gerald, Debra and Jason Peters, appeal from the judgment entered, pursuant to a jury verdict, in favor of defendant, George Brenner, in this action for bodily injuries arising out of an automobile accident. Plaintiff, Darlene Peters (mother), contends that the trial court erred in refusing to instruct the jury on comparative fault because there was substantial evidence that she contributed to the accident. We affirm.

The evidence at trial showed that three cars had been involved in an accident on a rainy Saturday morning. The first car, which was driven by a non-party to this action, stopped suddenly when the electric traffic signal changed. Mother was driving the second car and also stopped suddenly to avoid hitting the first car. Defendant, who was driving the third car, tried to stop but slid into plaintiffs' automobile causing plaintiffs' car to come into contact with the first car.

Plaintiffs' petition sought damages sustained by mother and her children, Debra and Jason Peters, who were passengers in the mother's automobile. Gerald Peters, Darlene's husband and father of children,

brought a derivative claim for loss of consortium and for his wife's medical bills.

Mother argues that the trial court erred in refusing to instruct the jury on comparative fault. We thus have the anomalous situation of mother contending that there was evidence of her fault. She alleges that the defendant interjected the issue of comparative fault into the case by repeatedly emphasizing that mother made a "sudden stop." She further contends that she was placed in an "all-or-nothing" position with the jury because the jury was given traditional negligence instructions.

Unless otherwise agreed, parties to a negligence action are entitled to have their case submitted to the jury under comparative fault principles if there is evidence from which a jury could find that plaintiff's conduct was a contributing cause of his damages. *Earll v. Consolidated Aluminum Corp.*, 714 S.W.2d 932, 937 (Mo. App.1986). It is essential, however, that an issue submitted in an instruction be supported by substantial evidence, not mere speculation or conjecture. *Evinger v. McDaniel Title Co.*, 726 S.W.2d 468, 472 (Mo.App.1987).

Here, there was no substantial evidence to support a comparative fault instruction. While defendant initially pleaded comparative fault as an affirmative defense, he abandoned that theory before trial. Defendant explained during the instruction conference that he did not believe that the fact that mother made a sudden stop was any indication of her negligence because the car in front of mother had stopped suddenly. Defendant claimed that the sole reason he needed to bring out the fact that mother had made a sudden stop was to inform the jury of the emergency situation in which defendant was placed immediately prior to the accident. Defendant never argued at trial that mother was negligent.

The only possible evidence of mother's negligence in the record is that mother was forced to suddenly stop the automobile that she was driving because the car in front of her stopped suddenly. There were no inferences from the evidence that mother had been driving too fast or had failed to keep a proper lookout. The evidence of a sudden stop, standing alone, was insufficient to support a comparative fault instruction. Plaintiff's point is denied.

In view of our holding, we reject plaintiffs' additional claims that the erroneous submission of mother's claim prejudiced the claims of father and children.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.