Celeste A. HUGHES,
Plaintiff/Respondent,

v.

Marcia L. PALERMO,
Defendant/Appellant.

No. 67603.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 5, 1995.

James E. Godfrey, Jr., Godfrey and Fenlon, St. Louis, for appellant.

James S. Collins, II, Law Offices of James S. Collins, II, St. Louis, for respondent.

CRANDALL, Judge.

Defendant, Marcia L. Palermo[1], appeals from a judgment in the amount of $42,500.00, entered pursuant to a jury verdict in favor of plaintiff, Celeste A. Hughes, in an action for bodily injury arising out of an automobile accident. We affirm.

The evidence at trial showed that defendant got in her car to exit a parking lot the evening of February 4, 1990, and discovered her windshield was frosted. Defendant scraped the exterior of her windshield, and attempted to thaw the interior with the defroster. Defendant exited the parking lot and proceeded driving eastbound on Highway 30. As she drove, her passenger leaned in front of her and attempted to scrape the ice off the interior of the windshield, obstructing defendant's view.

At some point, defendant's car entered the westbound lane of Highway 30, traveling approximately 20 to 25 miles per hour. It collided head-on with plaintiff's westbound vehicle, which was traveling approximately 30 to 35 miles per hour. Defendant testified that she did not have time to brake before the collision, and plaintiff also testified that she did not have time to apply her brakes, swerve, or sound her horn.

Plaintiff was taken to an emergency room, where she was examined and x-rayed. The following day, plaintiff consulted her family doctor, complaining of pain in her neck, shoulders, and upper back. She has been treated for these symptoms by several doctors. One doctor testified that plaintiff was suffering from chronic cervical thoracic sprain, and another diagnosed her injury as a cervical and thoracic somatic dysfunction.

Defendant first claims the trial court erred in refusing to submit her comparative fault instruction because plaintiff failed to keep a careful lookout, drove at an excessive speed, and failed to take evasive action.

Preliminarily, we note that defendant did not include this instruction in the argument portion of her brief and thus has failed to preserve the point for our review. Rule 84.04(e). We review defendant's point, *ex gratia,* and find no error, plain or otherwise. *See* Rule 84.13(c).

Absent a contrary agreement, parties in a negligence action have the right to have their case submitted to a jury under comparative fault principles if evidence exists from which a jury could find that the plaintiff's conduct was a contributing cause of her damages. *Peters v. Brenner,* 772 S.W.2d 777, 778 (Mo.App.1989). The instruction must be supported by substantial evidence, not mere speculation or conjecture. *Id.* In determining whether such an instruction is supported by substantial evidence, the evidence must be viewed in a light most favorable to the party offering the instruction. *Jones v. Freese,* 743 S.W.2d 454, 458 (Mo. App.1987). On submission of negligent failure to avoid a collision, the evidence must establish sufficient time and distance, consid-

1. Defendant has married since plaintiff brought this action and is now Marcia L. Bueker.

ering the movements and speeds of vehicles, to enable plaintiff to take effective action. *McCoy v. Hershey Chocolate Co.*, 655 S.W.2d 128, 130 (Mo.App.1983).

Here, the evidence revealed the plaintiff had an unobstructed view of the roadway for approximately three or four car lengths prior to impact. Plaintiff was traveling 30 to 35 miles per hour. Defendant was traveling approximately 20 to 25 miles per hour. Plaintiff and defendant each testified that they did not have time to stop, swerve or honk. No testimony or evidence was offered to establish the distance between the two vehicles when defendant's car entered plaintiff's lane. Without this information, a jury could only speculate as to whether time existed for the plaintiff to take evasive action after defendant's car crossed the centerline. Defendant's first point is denied.

In her second point, defendant contends the court erred in refusing to direct a verdict because plaintiff failed to prove her medical bills were reasonable and necessary or that they were causally connected to the collision. Defendant also claims she was precluded from submitting a withdrawal instruction due to the nature of the evidence.

Recovery of medical expenses incurred as a result of negligence in a personal injury action depends upon proof of necessity and reasonableness of the medical expenses incurred. *Schaeffer v. Craden*, 800 S.W.2d 165, 166 (Mo.App.1990). A plaintiff's payment of charges is substantial evidence of their reasonableness. *Wright v. Fox–Stanley Photo Products, Inc.*, 639 S.W.2d 407, 410 (Mo.App.1982).

Here, plaintiff testified that her medical bills totalled $7,171.31. She stated that not all of those bills had been paid. When her attorney asked which ones had not been paid, she testified:

A: The hospital is not totally paid off, St. John's Mercy.

Q: Do you know about how much?

A: No, sir, offhand, I don't.

Q: Any other?

A: Dr. Colter isn't completely paid off, either.

Q: Okay.

A: And I'm not sure about the rest. I think they are pretty well—

Defendant failed to object to this testimony when it was offered at trial, or cross examine plaintiff to clarify the testimony. In fact, defendant did not address this issue until the close of the case, and then failed to tender a withdrawal instruction regarding any unpaid medical charges. Allegations of error not presented to or expressly decided by the trial court shall not be considered in any civil appeal from a jury tried case. Rule 84.13(a). Defendant's second point is denied.

In her third point, defendant claims the trial court erred in refusing her request for a mistrial because the plaintiff called fact witnesses that were not disclosed in pre-trial discovery.

Defendant objected to the testimony of the two witnesses because they were not identified in response to defendant's interrogatory which stated, "State the name and addresses of all persons known by you to have been witnesses to the occurrence mentioned in your petition or present in the area of said occurrence at or about the time of said occurrence."

Black's Law Dictionary (Revised 4th Ed.1968) defines "occurrence" as "a coming or happening; any incident or event, especially one that happens without being designed or expected." Webster's Third New International Dictionary, Unabridged (1981) has a similar definition, "something that takes place; esp: something that happens unexpectedly and without design: HAPPENING." In view of these two definitions, the "occurrence" referenced in defendant's interrogatory would be the automobile collision of February 4, 1990.

The first witness defendant complains of testified to her observations of the impact the collision had on plaintiff's health and activities. This testimony did not concern any of the facts of the collision and this witness was not present in the area of the accident at the time of the collision; therefore plaintiff had no duty to disclose her identity in response to the interrogatory as worded.

Defendant also objected to the testimony of a police officer who stated he had observed defendant's car just moments prior to the collision as it passed him traveling eastbound on Highway 30. The officer said he noticed the defendant's windows were fogged up and proceeded to turn around to pull defendant over. He testified that he did not see the actual collision. Although this witness arguably should have been identified in response to the interrogatory because he was present in the area of the automobile collision at or about the time of the collision, plaintiff was unaware until the morning the officer testified that he had viewed defendant's vehicle immediately prior to the collision. The trial court allowed defendant to question the police officer outside the hearing of the jury. Furthermore, the officer's testimony was not prejudicial to defendant, because the facts about which he testified, the conditions of the street, weather, and defendant's windshield, were facts about which other witnesses had testified. Defendant's final point is denied.

The judgment of the trial court is affirmed.

CRAHAN, P.J., and DOWD, J., concur.