## Lesa Whiteside COHEA, Appellant,

v.

## Joseph KALLASH, Respondent.

No. 74431.

Missouri Court of Appeals,
Eastern District,
Warrenton Division.

June 15, 1999.

Joseph A. Brannon, Bowling Green, for appellant.

John M. McIlroy, Jr., McIlroy and Millan, Bowling Green, for respondent.

Before ROBERT G. DOWD, Jr., C.J., MARY K. HOFF, J., and RICHARD B. TEITELMAN, J.

### ORDER

PER CURIAM.

Lesa Whiteside Cohea ("Plaintiff") appeals from a judgment entered primarily in her favor and against Joseph Kallash ("Defendant") pursuant to a jury verdict in her action against Defendant for bodily injury arising out of an automobile accident. Defendant's truck crossed over the centerline of a state road and struck Plaintiff's vehicle in a head-on collision. At trial, the judge submitted the issue of Plaintiff's comparative fault to the jury. The jury returned a verdict finding Defendant to be 75% at fault and Plaintiff 25% at fault. It awarded total damages of $69,-650.00, resulting in a net verdict for Plaintiff of $52,237.50. On appeal, Plaintiff contends the trial court erred in submitting a comparative fault instruction to the jury, arguing there was no substantial evidence to support such an instruction.

We have reviewed the briefs of the parties, the legal file and transcript. No error of law appears. Absent an agreement

to the contrary, parties in such a negligence action have a right to have their case submitted to the jury under comparative fault principles if there is any substantial evidence from which the jury could find that plaintiff's conduct was a contributing cause of her damages. *Hughes v. Palermo*, 911 S.W.2d 673, 674 (Mo.App. E.D.1995). The comparative fault instruction requires at least some evidence that Plaintiff had sufficient time, distance, means and ability, considering the movement and speeds of the vehicles, to swerve or take other evasive action to avoid the collision. *Id., Frazier v. Emerson Electric Co.*, 867 S.W.2d 700, 702 (Mo.App. E.D. 1993). In reviewing the record to determine whether such an instruction is supported by substantial evidence, under our standard of review, we are required to view the evidence in the light most favorable to the party offering the instruction. *Frazier*, 867 S.W.2d at 702; *Hughes*, 911 S.W.2d at 674. Here, although it is clear from the record that Defendant was primarily at fault and that Plaintiff had little time to react once a danger became reasonably apparent, that by itself does not show lack of substantial evidence to support a comparative fault instruction. See *Frazier*, 867 S.W.2d at 702–703. Our review of the record indicates there was sufficient evidence to support the instruction. An extended opinion, reciting the more detailed facts and restating principles of law, would have no precedential value. Accordingly, we affirm the judgment pursuant to Rule 84.16(b).