755 So.2d 187 (2000)
William KINNEBREW, and Sandra Kinnebrew, his wife, Appellants,
v.
KMART CORPORATION, a foreign corporation, Appellee.
No. 3D99-0588.
District Court of Appeal of Florida, Third District.
April 12, 2000.
Needle, Gallagher & Ellenberg, P.A., Miami; Sally Alyce Gross, Miami, for appellants.
*188 Adorno & Zeder, P.A., and Raoul G. Cantero, III, Coconut Grove, and Nicole E. Mestre, for appellee.
Before COPE, SHEVIN and SORONDO, JJ.
PER CURIAM.
William and Sandra Kinnebrew, plaintiffs below, appeal a jury verdict in favor of defendant KMart Corporation. We affirm.
Because there was a defense verdict, we think that the claims of error with respect to the issue of comparative negligence are moot. See Bryant v. Fiadini, 405 So.2d 1341, 1343 (Fla. 3d DCA 1981). In any event, it is our view that the motion for directed verdict on the issue of comparative negligence was properly denied.
We agree with plaintiff that the assumption of risk standard jury instruction, see Fla. Std. Jury Instr. (Civ.) 3.8, should not have been included within the body of the comparative negligence instruction. The doctrine of implied assumption of the risk is now subsumed within comparative negligence, see Blackburn v. Dorta, 348 So.2d 287, 289 (Fla. 1977), and only the comparative negligence instruction should have been used. Nonetheless, assumption of risk was not presented to the jury as a complete defense, but only as falling under the heading of comparative negligence, and the instruction was therefore not misleading.
Finally, we find no abuse of discretion in the trial court's ruling regarding the admission of medical records into evidence, the denial of plaintiffs' motion for mistrial, and the alteration of the jury verdict form.
Affirmed.