Elizabeth COLEMAN and Leah
Richardson, Appellants,

v.

Kathleen MANTIA, Respondent.

No. ED 76880.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 29, 2000.

Theodore D. Agniel, Clayton, for appellant.

Cornelius T. Lane, Jr., St. Louis, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Elizabeth Coleman (Coleman) and Leah Richardson (Richardson) appeal from the judgment of the trial court awarding Richardson only $630 for personal injuries after finding her total damages to be $2,100. The trial court found Richardson had no percentage of fault and Kathleen Mantia (Mantia) only 30 percent at fault, and reduced Richardson's damages by 70 percent. Coleman and Richardson contend the trial court erred in failing to assess 100 percent of the fault to Mantia on Richardson's claim because Mantia's pleadings did not request a reduction of Richardson's damages or request contribution or indemnity from Coleman. We reverse and remand with instructions.

Coleman was the driver of an automobile that came into contact with an automobile driven by Mantia. Richardson was a front-seat passenger in Coleman's automo-

bile. The accident occurred on August 9, 1997, at the intersection of Delmar Avenue and Union Avenue in the City of St. Louis. Richardson brought suit against Mantia for personal injuries. Coleman brought suit in the same petition for personal injuries and for property damage. Mantia filed a counterclaim against Coleman for property damage to Mantia's automobile.

Viewed in the light most favorable to the judgment, the evidence at trial showed that Mantia was westbound on Delmar and came to a stop at the red light at Union. At this location, Delmar has a left turn lane, two through lanes, and a curb lane for a bus-stop area. Mantia was stopped at the red light in the lane next to the curb lane with her right turn signal on. An emergency vehicle going north on Union passed. Mantia and her passenger testified at that time Coleman's vehicle was not in the curb lane. Mantia testified that when the light turned green for westbound Delmar traffic and Mantia started to take a right, Coleman's automobile came up the curb lane. The two automobiles collided. Coleman testified Mantia made a right turn from the center lane.

Richardson claimed personal injuries and was treated by Dr. Salzburg, a chiropractor, 25 times in a 2–month period of time. Richardson's medical bills totaled approximately $2,213. Richardson requested $7,000 in damages for her medical bills, and pain and suffering as a result of the accident. Coleman sought $7,000 in damages for personal injuries and for property damage.

The trial court entered judgment on Coleman's cause of action finding Coleman 70 percent at fault and Mantia 30 percent at fault. The trial court resolved all issues of credibility in favor of Mantia, but found Mantia partially at fault for failing to keep a clear lookout and for not stopping in time. The trial court found that Coleman sustained $1,000 in property damage and $2,300 in personal injuries. The trial court awarded Coleman $300 for property damage and $690 for personal injuries, for total damages of $990. The trial court also entered judgment on Richardson's cause of action finding Richardson zero percent at fault and Mantia 30 percent at fault. The trial court found that Richardson sustained $2,100 in damages and awarded her $630 for her personal injuries.

Coleman and Richardson filed a Motion for Entry of New Judgment, for New Trial, or in the Alternative, for Additur. In that motion, Richardson requested the trial court to amend its judgment or to order a new trial because the trial court had erroneously reduced Richardson's judgment by 70 percent, though no fault had been assessed to her in the judgment. The trial court denied the motion. This appeal follows.

Our review of a court-tried case is governed by the principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and the trial court did not erroneously declare or apply the law. *Id.* at 32.

In their sole point, Coleman and Richardson argue the trial court erred in reducing Richardson's award by 70 percent because no fault was assessed to Richardson, and Mantia's pleadings did not request a reduction or plead indemnity and contribution from Coleman. Coleman and Richardson assert the trial court should have assessed 100 percent of the fault to Mantia, and Richardson should have been awarded the entire amount of damages of $2,100 as found by the trial court. Mantia argues the principles of comparative fault including indemnity and contribution were tried by implied consent and thus, under Rule 55.33(b), the pleadings were amended.

To be entitled to utilize the principles of comparative fault, they must be pleaded. *Lester v. Sayles*, 850 S.W.2d 858, 868 (Mo. banc 1993). However, Supreme Court Rule 55.33(b) allows for an amendment to the pleadings in some cases. Rule

55.33(b) provides in part, "[w]hen issues not raised by the pleadings are tried by express or implied consent by the parties, they shall be treated in all respects as if they had been raised in the pleadings." In determining whether a claim was tried by implied consent, we must examine whether the evidence which would give rise to an amendment of the pleadings bears solely on the proposed new issue and is not relevant to some other issue already in the case. *Muir v. Ruder,* 945 S.W.2d 33, 36 (Mo.App. E.D.1997) (citing *Lester,* 850 S.W.2d at 869).

In *Lester,* a mother and daughter were struck by a truck while crossing the street. *Lester,* 850 S.W.2d at 862. The defendant alleged mother's comparative fault as a defense. *Id.* The court said that comparative fault as against the daughter was not tried by implied consent merely because the issue of daughter's comparative fault arose during the mother's testimony. *Id.* at 869. Further mother's testimony was relevant to other issues in the case which were pleaded and, therefore, did not bear solely on the proposed new issue of daughter's comparative fault. *Id.*

*Lester* is analogous to this case. Here, both parties' testimony concerning fault was probative of claims already in the pleadings. Coleman and Richardson produced evidence that Mantia was completely at fault. Mantia adduced evidence showing Coleman was completely at fault. Coleman and Richardson's testimony concerning fault went to their claims against Mantia, while Mantia's testimony concerning fault went to her separate counterclaim against Coleman for damages. This testimony was relevant to the issues pleaded. The pleadings have not been amended by implied consent to claim the principles of comparative fault because the evidence introduced was relevant to other issues previously pleaded in the case.

Thus, the trial court did misapply the law in reducing Richardson's damages by the percentage of fault assigned to Coleman when Mantia failed to plead the prin-

ciples of comparative fault including indemnity and contribution and those issues were not tried by implied consent as to amend the pleadings under Rule 55.33(b). The judgment of the trial court as to Richardson's claim is reversed and remanded to the trial court to enter judgment in favor of Richardson in the amount of $2,100.

Reversed and remanded with instructions.

MARY RHODES RUSSELL, J., and RICHARD B. TEITELMAN, J., concur.