**Evelyn RUDIN, Plaintiff/Respondent,**

v.

**PARKWAY SCHOOL DISTRICT, Defendant/Appellant.**

**No. ED 76701.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 19, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 2000.

Application for Transfer Denied Dec. 5, 2000.

---

1. All rule references are to Mo. R.Crim. P. 2000, unless otherwise indicated.

Martin J. Buckley, St. Louis, for appellant.

Theodore H. Hoffman, St. Louis, for respondent.

MARY RHODES RUSSELL, Judge.

Parkway School District ("School District") appeals from the judgment of the St. Louis County Circuit Court awarding damages to Evelyn Rudin ("Visitor") for injuries she sustained in a slip and fall accident on School District's property.

School District asserts that the trial court erred in submitting the case to the jury under principles of comparative fault because it was neither pled by any party nor was there evidence to support apportionment of fault. We affirm the judgment in that we find comparative fault was tried by the implied consent of the parties.

Visitor and her husband went to Parkway Central Middle School one evening to watch their grandchild play in the school orchestra. School District set up chairs in the atrium, a large open area with three levels.

Visitor entered the atrium without her husband and began to look for seats. She safely maneuvered to the middle level, but failed to negotiate the second step down to the bottom level of the atrium. Visitor fell and suffered a broken left foot.

She filed suit against School District alleging that School District's premises were not reasonably safe in that there were inadequate warnings of the gradation differences in the atrium area. School District responded and raised the single affirmative defense of statutory sovereign immunity.

At the close of the evidence, the trial court held an instruction conference. Visitor submitted Instruction No. 7, a verdict director, which included comparative fault language. Instruction No. 7 stated

In your verdict you must assess a percentage of fault to defendant whether or not plaintiff was partly at fault if you believe:

First, the step referred to in evidence lacked adequate cues and as a result the premises were not reasonably safe, and

Second, defendant knew of this condition and knew that such condition was not reasonably safe, and

Third, defendant knew or had information from which defendant, in the exercise of ordinary care, should have known that persons such as plaintiff would not discover such condition or realize the risk of harm, and

Fourth, defendant failed to use ordinary care to adequately warn of it, and

Fifth, as a direct result of such failure, plaintiff sustained damage.

School District objected to this instruction on the basis that comparative fault was not pled by the parties. After the trial court decided to instruct the jury on comparative fault, School District was forced to submit a comparative fault instruction, No. 9, requesting that the jury assess fault between the parties. Instruction No. 9 provided

In your verdict you must assess a percentage of fault to plaintiff if you believe:

First, plaintiff knew or by using ordinary care could have known of the step referred to in the evidence;

Second, plaintiff failed to use ordinary care to keep a careful lookout, and

Third, such failure directly caused or directed [sic] contributed to cause any damage plaintiff may have sustained.

School District objected to its own Instruction No. 9 for the same reasons it objected to No. 7. Visitor also objected to No. 9, questioning the existence of evidence that she was "not keeping a careful lookout." The damages instruction and the verdict form also contained comparative fault language.

The jury returned a verdict for Visitor in the amount of $25,000, assessing 35 percent comparative fault to her, thus reducing School District's liability to $16,250.

■ School District's motion for new trial was overruled by the trial court. It timely filed its notice of appeal. School District's sole point on appeal is that the trial court erred in instructing the jury on comparative fault. It argues that since neither party pled comparative fault and there was no evidence to support its submission, the jury should not have been instructed on comparative fault. School District further claims it was prejudiced by the comparative fault instructions, in that it had the burden of proof on comparative fault, but had not tried the case on that issue.

■ The issue of whether the jury was properly instructed is a question of law and is to be determined on the record with little deference given to the trial court's decision. *Kuzuf v. Gebhardt,* 602 S.W.2d 446, 449 (Mo. banc 1980). We review the evidence and inferences in a light most favorable to the submission of the instruction. *Egelhoff v. Holt,* 875 S.W.2d 543, 548 (Mo.1994) (*citing Vandergriff v. Missouri Pac. R.R.,* 769 S.W.2d 99, 104 (Mo. banc 1989)). We reverse comparative fault instructional errors "only where the errors are of such a nature that there is substantial potential for prejudicial effect." *Baldridge v. Lacks,* 883 S.W.2d 947, 956 (Mo.App.1994).

■ Missouri law is clear that "comparative fault instructions may be given only where comparative fault has been raised in the pleadings as an affirmative defense." *Lester v. Sayles,* 850 S.W.2d 858, 868 (Mo.1993). There is, however, a notable exception to this principle. Under Rule 55.33(b), if issues, such as comparative fault, are tried by the express or implied consent of the parties, they are treated as if originally raised in the pleadings. *Lester,* 850 S.W.2d at 868. In order to find an amendment of the pleadings based upon implied consent, the evidence presented must bear solely on the proposed new issue and must not be relevant to another issue already in the case. *Cole-*

*man v. Mantia,* 25 S.W.3d 675, 677 (Mo. App. 2000).

■ If there is evidence from which a jury could find that plaintiff's conduct was a contributing cause of her damages, parties to a negligence action are entitled to have their case submitted to the jury under comparative fault principles, absent an agreement to the contrary. *Peters v. Brenner,* 772 S.W.2d 777, 778 (Mo.App. 1989) (*citing Earll v. Consolidated Aluminum Corp.,* 714 S.W.2d 932, 937 (Mo.App. 1986)). "[W]here there is evidence that the conduct of both parties combined and contributed to cause damage, the fact finder should not be precluded from comparing the respective contributions toward such causation made by each." *Earll,* 714 S.W.2d at 936.

■ A comparative fault instruction must be supported by substantial evidence. *Egelhoff,* 875 S.W.2d at 548 (*citing Vandergriff,* 769 S.W.2d at 104). The determinative factor in deciding whether comparative fault is applicable in a particular case depends on the sufficiency of the evidence presented. *Earll,* 714 S.W.2d at 936.

In reviewing the sufficiency of the evidence of comparative fault, we find four different points in the trial where references to Visitor's comparative fault were made. First, School District, in its opening statement, directed the jury's attention to whether Visitor was paying attention and keeping a careful lookout:

SCHOOL DISTRICT'S COUNSEL: Well, she heads down or starts toward one of the aisle ways, and she comes to the first step, and she sees it. She has no trouble. She steps down, continues on. She's looking for a chair, looking for where she's going to sit, and she just doesn't see the second step and she stumbles.

. . . .

SCHOOL DISTRICT'S COUNSEL: Mrs. Rudin, whether not paying attention, or because of her bifocals, or what-

ever, simply did not see the step and hurt herself.

The second reference occurred in the direct examination of Visitor by her attorney:

VISITOR'S COUNSEL: Were you looking—Well, tell us which way you were looking.

VISITOR: I was looking down and ahead.

. . . .

VISITOR'S COUNSEL: And then did you fall on a step? Was it a step there; is that right?

VISITOR: Yes. Yes.

VISITOR'S COUNSEL: Did you see the step?

VISITOR: No.

VISITOR'S COUNSEL: Were you looking?

VISITOR: Yes.

VISITOR'S COUNSEL: Were you looking down?

VISITOR: Yes.

The third reference took place in School District's cross-examination of Visitor:

SCHOOL DISTRICT'S COUNSEL: And as you were walking along after making it down the first step, you were looking for your seat; were you not?

VISITOR: Yes.

SCHOOL DISTRICT'S COUNSEL: Okay. Were you looking down, or were you looking for your seat?

VISITOR: Both, I was looking down and for my seat.

The final reference was in School District's closing argument:

SCHOOL DISTRICT'S COUNSEL: The fact of the matter is, things like this are all over the place. And they are— ordinarily, they are reasonably safe. And we all know about them, and we all adjust to them. It's part of our ordinary daily activity. We pay attention to what's around us and we act on it.

. . . .

SCHOOL DISTRICT'S COUNSEL: If you believe that there was some fault on the Defendant—and there really wasn't, but if you do believe that, then a large percentage of comparative fault, over 50 percent, should be assessed to the—to the Plaintiff for failing to see what everybody else saw that night, and what everybody else had seen on previous occasions.

▆▆▆ We recognize School District's contention that it had to address the comparative fault issue in its closing argument as the trial court had previously ruled that comparative fault was at issue. We also acknowledge that opening and closing statements are not to be considered as evidence at trial. *Ball v. Burlington N. R.R. Co.*, 672 S.W.2d 358, 363 (Mo.App. 1984); MAI 2.01 (1996). Closing argument, however, may be considered in determining whether a possible instructional error had any prejudicial effect. *Fowler v. Park Corp.*, 673 S.W.2d 749, 756 (Mo.1984).

▆▆▆ Although School District objects to the consideration of its opening statement as evidence of comparative fault, opening statements are generally used to inform the jury about the action before it so the jurors can better understand and assimilate the evidence as it is presented. *Gibson v. Grant*, 766 S.W.2d 706, 709 (Mo. App.1989). It is inconsistent that the School District complains of the submission of comparative fault as it was the one who initially introduced the issue of comparative fault in its opening statement. Not only in the opening statement did School District inform the jurors that Visitor was not paying attention at the time of her accident, but it also, in closing argument, reminded the jurors of Visitor's actions again.

Viewing the evidence and arguments together, we find there to be substantial evidence introduced at trial of Visitor's fault. Both parties elicited testimony from Visitor, on direct and cross, about whether

she was looking where she was going, and whether she was paying attention. This evidence of Visitor's actions was an integral part of the causation of the accident. It was inherent in the determination of her share of fault in the accident for failing to exercise ordinary care and to keep a careful lookout. The evidence was not relevant to the other issues in the case, namely whether School District's premises were reasonably safe or whether School District exercised ordinary care. We find that the parties impliedly tried the case under comparative fault principles and it was, therefore, not error for the trial court to submit comparative fault jury instructions. Point denied.

■ Further, School District's argument that it was prejudiced from the submission of comparative fault by injecting an issue on which it had the burden of proof, after it had presented all its evidence, is without merit. School District contends it was prejudiced in that the jurors were more focused on assessing fault between the parties rather than on whether there was a dangerous condition on School District's property. Instruction No. 8, however, stated that the jurors were not to assess a percentage of fault to School District unless they believed that School District's premises were not reasonably safe and that School District failed to exercise ordinary care. In ruling for Visitor, we must assume that the jury found these two propositions to be true, resulting in the School District being liable in some percentage for Visitor's injuries. The apportionment of 35 percent fault to Visitor and 65 percent to School District benefited School District. School District has failed to show any real prejudice.

The judgment of the trial court is affirmed.

ROBERT G. DOWD, Jr., and RICHARD B. TEITELMAN, J., concur.