ROTHENBERG, J.
The plaintiffs, Neelam Anand, Sudha Verma, Santosh Verma, and Swaraj Skuk-la (collectively, “the plaintiffs”), appeal from a final judgment issued pursuant to a jury verdict in favor of the defendant, JEB Hotel Associates, Ltd., d/b/a The Ramada Inn (“JEB”). JEB cross-appeals from an order imposing sanctions upon JEB.
In February 2000, the plaintiffs were traveling East on State Road 836 in Miami-Dade County in a Ramada Inn courtesy van (“the van”) owned and operated by JEB. The van was struck from behind by a Mazda that was heading in the same direction. Immediately thereafter, the van driver lost control, and the van rolled over. The plaintiffs’ lawsuit alleged that the van driver’s negligence caused the rollover and *653 that the van driver’s negligence was attributable to JEB.
During trial, the plaintiffs’ transportation engineer, Myles Moss (“Moss”), presented expert testimony regarding the cause of the rollover. When asked in direct examination what he relied upon in reaching his conclusions, Moss testified that he reviewed various materials including the police report. Moss testified that his initial conclusion regarding the cause of the rollover was based upon an assumption that there had been a side-impact collision, but that he now was of the opinion that the impact was to the rear of the van and that the impact was insufficient to cause a rollover without negligence on the part of the van driver. Moss explained that in forming his initial conclusion regarding the cause of the rollover he had not reviewed any photographs or testimony, and that his preliminary investigation was limited to a review of the police report and his visit to the scene of the accident.
In cross-examination, when JEB’s counsel attempted to mark a diagram contained in a police officer’s report referred to by Moss in direct examination, counsel for the plaintiffs objected on the basis that the report and diagram were protected by the accident report privilege. See § 316.066(7), Fla. Stat. (2006) (stating that no crash report made by a person involved in the crash or a law enforcement officer shall be used as evidence in any trial). JEB’s counsel, however, argued that Moss had “opened the door” to cross-examination regarding the diagram when he testified that his initial conclusion was based upon his conversation with the officer who conducted the accident investigation and the officer’s report containing a diagram of the accident. The trial court ruled that JEB’s counsel could use the police diagram as a demonstrative aid, but did not permit counsel to introduce the diagram or police report into evidence. When ruling on the objection, the trial court stated: “You’re just going to use it as a demonstrative aid. You don’t have to refer to it as the accident report.”
During closing argument, however, when JEB’s counsel displayed the police diagram to the jury, he referred to it as coming from the accident report. The plaintiffs timely objected to this reference, but the trial court overruled the objection. After the jury returned a verdict for JEB, the trial court ruled on the plaintiffs’ motions for mistrial and a new trial. In denying the motions, the trial court concluded that although JEB’s counsel violated the court’s order in closing argument by referring to the police diagram as coming from the accident report, a new trial was not required because the violation was inadvertent, unintentional, and was not so prejudicial as to warrant a new trial. As sanctions for JEB’s counsel’s violation of its order, the trial court ordered JEB to bear the cost of producing a written trial transcript for appellate review. The plaintiffs appeal the denial of their motion for a new trial, and JEB cross-appeals the sanction imposed by the trial court.

THE PLAINTIFFS’ APPEAL

The plaintiffs argue that the trial court reversibly erred by denying their motions for mistrial and a new trial after JEB’s counsel’s reference to the police diagram during its closing argument. In reviewing the trial court’s rulings denying the plaintiffs’ motions for a new trial and for a mistrial, we note that a trial court is granted broad discretion in ruling on a motion for a new trial, Brown v. Estate of Stuckey, 749 So.2d 490, 494 (Fla.1999), and a trial court’s denial of a motion for mistrial will not be disturbed absent an abuse of discretion. Kinnebrew v. KMart Corp., 755 So.2d 187, 188 (Fla. 3d DCA 2000).
*654 The trial court addressed the impact of JEB’s closing argument in its order denying the plaintiffs’ motions for mistrial and a new trial. The trial court found that although JEB’s counsel improperly referred to the police diagram as coming from the accident report, the reference was made inadvertently and unintentionally. Additionally, the trial court found that “this single reference in closing argument did not rise to the level of affecting the outcome of the case nor was it so prejudicial as to deny Plaintiff[s] a fair trial.”
The trial court’s findings are supported by the following facts: (1) the police diagram was not introduced into evidence or given to the jury during its deliberations; (2) the police diagram was properly displayed for the jury as a demonstrative aid throughout Moss’ testimony; (3) the plaintiffs’ expert, Moss, referred to the police report in direct examination; and (4) during the cross-examination of Moss, JEB’s counsel repeatedly referred to the police diagram as coming from the traffic, accident, or police report, and those references failed to draw any objection from the plaintiffs. In light of the foregoing, we cannot say that a single remark made during JEB’s closing argument entitled the plaintiffs to a new trial, or that the trial court’s action was unreasonable. A trial court is in the best position to determine the potential impact of an allegedly improper closing argument. See, e.g., Murphy v. Int’l Robotic Sys., Inc., 766 So.2d 1010, 1031 (Fla.2000) (citing Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980)). We, therefore, find no abuse of discretion in the trial court’s denial of the plaintiffs’ motions for mistrial and a new trial, and affirm.

JEB’S CROSS-APPEAL

In its order denying the plaintiffs’ motion for a new trial, the trial court ruled that JEB’s counsel violated one of its orders, and as a sanction for this violation, it ordered JEB to “pay the cost of having the trial transcript transcribed for appellate review.” We conclude that the issues raised in JEB’s cross-appeal were not preserved for our consideration, and therefore, affirm the sanction imposed.

CONCLUSION

Because the trial court did not abuse its discretion by denying the plaintiffs’ motions for mistrial and a new trial, we affirm the final judgment in favor of JEB. We affirm the order imposing the cost of preparing the trial transcript upon JEB because the issues raised in JEB’s cross-appeal were not preserved for this Court’s review.
Affirmed.