WALLIS, J.
Paula Hartong (“Appellant”), proceeding in an individual capacity and as a personal representative of her twenty-one-year-old daughter, Amanda Wilkinson’s (“Wilkinson”) estate, appeals, inter alia, the lower court’s denial of her motion to amend her complaint to include comparative negligence. Because the lower court reversibly erred when it denied her motion to amend, requiring a new trial, we do not address the other issues on appeal except the lower court’s improper admission of two Department of Children and Families (“DCF”) shelter reports into evidence during trial. We reverse and remand for a new trial.
Appellant filed a complaint alleging negligence and wrongful death against William Bernhart, M.D., Roy Liptrap, P.A., and Citrus Emergency Services, P.A., (collectively “Appellees”) after Wilkinson died from MRSA lobular necrotizing pneumonia. Appellant pleaded only that Appel-lees were negligent, not that Wilkinson was comparatively negligent in causing her own death. Appellees asserted comparative negligence as an affirmative defense.
Appellees filed a motion requesting that the lower court take judicial notice of two DCF shelter orders in which a circuit court found probable cause to remove Wilkinson’s children from her care. Both shelter orders included the circuit court’s findings regarding Wilkinson’s abuse of alcohol and drugs, her failure to submit to court-mandated drug testing, and a history of domestic violence with the father of Wilkinson’s children.
In their opening statement, Appellees indicated that the presence of alcohol and hydrocodone in Wilkinson’s system had a negative effect on her respiratory system which, combined with pneumonia, impaired her ability to breathe and resulted in her death. During trial, one of Appellees’ expert witnesses testified that Wilkinson died of pneumonia complicated by aspiration and by drug — hydrocodone—and alcohol intoxication.
After the close of the Appellees’ case, Appellees requested the court take judicial notice of the DCF shelter orders, and Appellant again objected on the basis that the documents contained inadmissible hearsay and character evidence. The lower court took judicial notice and allowed the shelter orders into evidence under sections 90.202(6) and 90.203, Florida Statutes. Appellees rested and subsequently withdrew the affirmative defense of comparative negligence.
Appellant then moved, pursuant to Florida Rules of Civil Procedure 1.190(b) and (e), to amend the complaint to conform to the evidence presented at trial so that she could obtain a jury instruction on comparative negligence. The lower court denied the request because the court was unclear on the form of the intended amendment and because the issue of comparative negligence had been tried by consent of the parties.[1]
*861 In dosing arguments, Appellees argued that the combination of alcohol, hydroco-done, lidocaine, and pneumonia caused Wilkinson’s death:
So you take pneumonia that is like a lightening [sic] strike and you add it to alcohol and hydrocodone, which depressed the respiratory effort, and you add to it lidocaine that was in her system ... you take these things and you superimpose them, and you get the anatomy of a rapid and virulent and deadly lung-destroying pneumonia, which presents quickly, superimposed on these other things. That’s how you take a healthy 21-year-old, get the diagnosis right, and have her dead within 24 hours.
The jury returned a verdict in favor of Appellees by answering “No” to the following questions on the verdict form:
1. Was there negligence on the part of Defendant, Roy Liptrap, P.A., which was a legal cause of death to Amanda Wilkinson?
2. Was there negligence on the part of Defendant, William Bernhart, M.D., which was a legal cause of death to Amanda Wilkinson?

Motion to Amend Pleadings

Appellant argues that the lower court erred by denying her oral motion to amend the complaint to conform the pleadings to the evidence presented at trial and include comparative negligence when Ap-pellees withdrew the affirmative defense after the evidence was presented. Appellant argues that by presenting evidence relevant to Wilkinson’s drug and alcohol use to attack causation, but without permitting the jury to consider Wilkinson’s comparative negligence, Appellees created a “take it or leave it” situation similar to contributory negligence, which is contrary to Florida law and public policy. We agree.
A trial court’s denial of a motion to amend the pleadings to conform with the evidence is reviewed for abuse of discretion. Turna v. Advanced Med-Servs., Inc., 842 So.2d 1075, 1076 (Fla. 2d DCA 2003) (“When evidence is introduced at trial concerning facts or issues not included in the pleadings, the trial court, in its discretion, may allow amendments to conform to the evidence.”); see also Crown v. Chase Home Fin., 41 So.3d 978, 979-80 (Fla. 5th DCA 2010) (noting that “all doubts should be resolved in favor of allowing the amendment and refusal to do so generally constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile”).
“An issue is tried by consent when there is no objection to the introduction of evidence on that issue.” Dep’t of Rev. v. Vanjaria Enters., Inc., 675 So.2d 252, 254 (Fla. 5th DCA 1996). (citation omitted). ‘When issues not raised by the pleadings are tried by either express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.” Fla. R. Civ. P. 1.190(b). The Florida Supreme Court *862 has noted that “if affirmative defenses are not proffered but are tried by express or implied consent of the parties, they shall be treated as if they had been raised by the pleadings.” Garrett v. Oak Hall Club, 118 So.2d 633, 635 (Fla.1960). Pursuant to this same rule, the amendments may be made upon motion of any party at any time, even after judgment. Id.
Based on Bryant v. Fiadini, 405 So.2d 1341, 1343 (Fla. 3d DCA 1981), and Philip Morris USA, Inc. v. Amitz, 933 So.2d 693, 698 (Fla. 2d DCA 2006), Appellant’s only option to obtain a jury instruction under existing Florida law was to amend the pleadings. If defendants waive comparative negligence at a charge conference, the plaintiff is not entitled to the corresponding jury instruction. Bryant, 405 So.2d at 1343. In Bryant, the defendant in a negligence case withdrew the affirmative defense of comparative negligence at the charge conference, and the lower court ruled that the jury would not be instructed on comparative negligence. Id. The third district agreed with the lower court, finding the refusal to instruct the jury on comparative negligence proper, because a “defendant has a right to waive any defense.” Id. (citations omitted). There is no indication that the plaintiff in Bryant pleaded comparative negligence.
However, plaintiffs can plead their own comparative fault and are entitled to an instruction even if the defendants do not raise it as an affirmative defense. Amitz, 933 So.2d at 698. In Amitz, the second district distinguished its case from Bi-yant because the plaintiff in Amitz pleaded comparative negligence in his amended complaint. The Amitz court, in allowing the amendment, emphasized, “that if a plaintiff chooses to plead his own comparative fault, a defendant should not be able to control the plaintiffs theory of his case and preclude the plaintiff from accepting some responsibility for his injuries.” Id. We find the result reached in Amitz to be informative in the instant case because Appellant attempted to amend her pleadings to add comparative negligence.[2]
Here, both parties developed the issue of comparative fault throughout discovery and the trial. Because Appellees’ medical expert cited alcohol and drug use in his opinion on causation, which Appellees argued in closing, we are not convinced by Appellees that the drug and alcohol use was relevant only to the issue of damages. There would have been no prejudice to Appellees in allowing the amendment, instruction, and verdict form regarding comparative negligence because Appellees focused on the same issue as a defense to the issue of medical causation in opening, during trial, and in closing.
 Appellees nonetheless argue that the verdict cured any error because the jury found Appellees acted within a reasonable standard of care (i.e., were not negligent) and, therefore, the need to apportion damages was obviated, making any alleged error harmless. We disagree because the doctrine of comparative negli *863 gence permits the jury to apportion fault between multiple parties that are the legal cause of damages and accordingly apportion damages. Hoffman v. Jones, 280 So.2d 431, 439 (Fla.1973) (noting the purposes behind the adoption of comparative fault as: “(1) To allow a jury to apportion fault as it sees fit between negligent parties whose negligence was part of the legal and proximate cause of any loss or injury; and (2) To apportion the total damages resulting from the loss or injury according to the proportionate fault of each party”). Here, the verdict form did not separate the concepts of negligent conduct and legal cause as Appellees assert. Indeed, if the jury found Appellees both negligent and the legal cause while also finding Wilkinson’s negligence to be a legal cause, the question — “Was there negligence on the part of Defendant, Roy Liptrap, P.A., which was a legal cause of death to Amanda Wilkinson?” — only permitted the jury an all-or-nothing approach. The jury would have been unable to apportion fault to both Wilkinson’s and Appellees’ negligence. Thus, the verdict form employed the long-overruled defense of contributory negligence and acted as a complete bar to Appellant’s recovery. Accordingly, the lower court’s failure to permit an amendment to the complaint, which prohibited Appellant from obtaining a jury instruction and verdict form for comparative negligence, was not cured by the jury’s verdict.

Admission of DCF Orders

Although not central to this appeal, we note that the lower court erred by admitting the DCF orders into evidence because they contain inadmissible hearsay.[3] At trial, over objection, the lower court took judicial notice and allowed the shelter orders containing hearsay into evidence under sections 90.202(6) and 90.203, Florida Statutes (2013), and not under any hearsay exception. Although a trial court may take judicial notice of court records under section 90.202(6), the statute does not permit “the wholesale admission of all hearsay statements contained within those court records.” Stoll v. State, 762 So.2d 870, 876 (Fla.2000). “A court judgment is hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment.” BDO Seidman, LLP v. Banco Espirito Santo Int’l, 38 So.3d 874, 880 (Fla. 3d DCA 2010) (internal quotation marks omitted) (citations omitted). For the matters asserted in the court file— including a court’s judgment — to be admissible, there must be an applicable exception. Id. (citing Stoll, 762 So.2d at 876). Any third party’s statement needs an exception as well, Powell v. State, 908 So.2d 1185, 1187 (Fla. 2d DCA 2005) (“Statements that constitute hearsay within hearsay are inadmissible unless both statements conform to a hearsay exception.” (citing § 90.805, Fla. Stat. (2005); Smith v. State, 880 So.2d 730, 741 (Fla. 2d DCA 2004))). We believe the lower court erred by admitting the DCF shelter reports using only judicial notice and not pursuant to applicable hearsay exceptions.
The lower court erred by denying Appellant’s request to amend her complaint after the close of evidence to include Wilkinson’s comparative fault. The denial of Appellant’s request resulted in the application of the long-overruled doctrine of contributory negligence. We therefore reverse and remand for a new trial and note that judicial notice is not an exception that would permit admission of the hearsay and hearsay within hearsay in the DCF shelter orders. We grant Appellant a new trial.
*864 REVERSED and REMANDED for NEW TRIAL.
PALMER, J., and MIHOK, A.T., Associate Judge, concur.

. The lower court addressed Appellant's request to amend her complaint as follows:
THE COURT: The issue of comparative negligence was in the pleadings, and it was tried, and now you want to withdraw your affirmative defense.
DEFENSE COUNSEL: Yes, ma'am.
*861 THE COURT: I don’t know what cause of action — I mean, you have to have a cause of action that would be amended. I do not know that there is anything cognizable that you would be pleading, not to mention it was already tried by — I mean, the whole issue has been tried. So your request to conform—
PLAINTIFF COUNSEL: To amend the complaint to conform to the evidence.
THE COURT: — is denied, because the issues have been tried. And furthermore, I don't know what the cause of action would be.

. We also find instructive a' series of Missouri appellate cases that hold if defendants pleaded comparative negligence and withdrew the affirmative defense after the evidence was heard, a plaintiff is entitled to a comparative fault instruction and corresponding verdict form without pleading comparative negligence. Smith v. Brown & Williamson Tobacco Corp., 275 S.W.3d 748, 808 (Mo.Ct.App.2008); Thompson v. Brown & Williamson Tobacco Corp., 207 S.W.3d 76, 122 (Mo.Ct.App.2006); Rudin v. Parkway Sch. Dist., 30 S.W.3d 838, 841 (Mo.Ct.App.2000); Monteith v. Cundall, 830 S.W.2d 466, 469 (Mo.Ct.App. 1992). We exercise judicial restraint and do not go so far as to hold that a plaintiff can obtain an instruction on comparative fault without having pleaded it, a holding that would conflict with Biyant.

. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801( 1 )(c), Fla. Stat. (2013).